Todd Krakower, Esq.
Krakower DiChiara LLC
77 Market Street, Suite 2
Park Ridge, NJ 07656
Telephone: 201-746-6333
Fax: 347-765-1600

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------x

**NARIMAN PHILOBOS,**

|  |  |
|---|---|
| **Plaintiff,** | **COMPLAINT** |
| **-against-** | Civil Action No. _____ |
| **MAC PROPERTY MANAGEMENT, LLC,** | **Jury Trial Demanded** |
| **Defendant.** | |

-------------------------------------------------------x

Plaintiff Nariman Philobos ("Plaintiff"), by and through her attorneys, Krakower DiChiara LLC, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendant MAC PROPERTY MANAGEMENT, LLC ("Defendant"), and alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1 *et seq.*, ("NJWHL").

2.    Plaintiff additionally brings this lawsuit seeking recovery against Defendants for Defendants' violations of the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1, *et*

*seq.,* ("NJLAD").

3.     Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees, punitive damages, and other appropriate legal and equitable relief pursuant to federal law.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJLAD claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

6.     Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

## PARTIES

**Defendant**

**Defendant Mac Property Management, LLC ("Mac Property")**

8.     Defendant Mac Property is a domestic corporation with a main business address at 52 North Dean Street, Second Floor, Englewood, New Jersey 07631, in Bergen County.

9.     At all times relevant to this Complaint, Defendant (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

10.     At all times relevant to this Complaint, Defendant was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

11.     At all times relevant to this Complaint Defendant was and is an employer within the meaning of the NJWHL, N.J.S.A. 34:11-56a1(g), and employed employees, including Plaintiff.

**Plaintiff Nariman Philobos**

12.     Plaintiff is a resident of New Jersey.

13.     Plaintiff is sixty-six (66) years of age.

14.     At all times relevant to this Complaint Plaintiff was an employee within the meaning of the NJLAD.

## FACTUAL ALLEGATIONS

15.     Defendant did the following acts knowingly and willfully.

16.     Plaintiff was employed by Defendant a property accountant from August 19, 2013 to the present.

**<u>Wage and Hour Violations</u>**

17.     At all times relevant to this Complaint, Plaintiff was employed in a non-overtime exempt position and performed duties of a bookkeeper and/or accounting clerk.

18.     At all times relevant to this Complaint, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

19.     Plaintiff was scheduled to work Monday though Friday from 8:30am – 5:30pm.

20.     Plaintiff was scheduled to have a one (1) hour lunch break each day.

3

21.     In addition to the scheduled work hours, arrived at work before her shift was scheduled to begin and began working.

22.     In addition to the scheduled work hours, Plaintiff worked through her scheduled lunch break.

23.     In addition to the scheduled work hours, Plaintiff stayed after her scheduled end time and continued working.

24.     Defendant was fully aware Plaintiff worked hours before her scheduled start time, after her scheduled end time, and during her scheduled lunch break.

25.     Plaintiff routinely worked approximately 45-50 hours per week.

26.     Plaintiff was not compensated time and a half for hours worked in excess of forty (40) per week.

27.     Throughout Plaintiff's employment, Defendant failed to pay Plaintiff overtime wages for hours works in excess of forty (40) in a workweek in violation of the FLSA and NJWHL.

28.     Throughout Plaintiff's employment, Defendant failed to create and maintain accurate time records of Plaintiff's work hours.

**Age Discrimination and Retaliation**

29.     Plaintiff has been a valuable and dedicated employee of Defendant since her initial hiring in 2013.

30.     However, beginning in October 2016 when Sylvia Dong, a woman in her early forties, was hired as Defendant's new Controller, Defendant began a campaign of relentless harassment and discrimination against Plaintiff in an effort to force her from the Company because of her age.

31.     Immediately upon Ms. Dong's hire, one of her first acts was to call Plaintiff into a private meeting.

32.     During the meeting, Ms. Dong informed Plaintiff that she believed that Plaintiff was too old to work for Defendant and began pressuring Plaintiff to retire.

33.     Ms. Dong pressured Plaintiff to retire because of Plaintiff's age.

34.     Shocked and horrified, Plaintiff told Ms. Dong that she had no plans to retire and intended to continue working as long as she is able.

35.     Angered that Plaintiff would not agree to leave on her own volition, Ms. Dong began to harass Plaintiff in an effort to constructively terminate her, making her feel isolated and unwanted within the Company and refusing to provide Plaintiff any opportunities at advancement within the Company.

36.     Despite Plaintiff stating very clearly that she had no intentions of retiring, Ms. Dong incredibly began discussing Plaintiff's retirement with her coworkers and asking Plaintiff's coworkers when they thought Plaintiff would finally retire.

37.     When Plaintiff learned about Ms. Dong's actions, Plaintiff was extremely embarrassed, upset, and outraged that her supervisor was telling her coworkers that she needed to retire.

38.     Plaintiff was horrified and humiliated by Defendants' strong-arm tactics to force Plaintiff into early retirement.

39.     Despite this unlawful and discriminatory treatment, Plaintiff refused to bend to the harassment and asked Ms. Dong about interviewing for a Senior Property Accountant position that became available internally—a position for which Plaintiff was sufficiently qualified.

40.     Ms. Dong responded that she would speak with Chirag Patel, Plaintiff's immediate supervisor, about having Plaintiff interview for the position.

41.     However, it quickly became clear that Ms. Dong had no intention of allowing Plaintiff—or anyone close to Plaintiff's age—in the senior accountant role.

42.     After not hearing anything further from Ms. Dong, Plaintiff followed up with Mr. Patel about the position, but Mr. Patel had no knowledge of her request.

43.     In fact Mr. Patel said he was surprised to learn Plaintiff requested to be considered for the position because Ms. Dong never spoke to him about her interest.

44.     Without ever giving Plaintiff an opportunity to interview for the senior accountant position, Ms. Dong hired an individual significantly younger than Plaintiff to assume the role.

45.     Desperate for the harassment to end, on February 16, 2018, Plaintiff complained to Eli Ungar, co-owner of Defendant, about the pervasive age discrimination and asked for his help.

46.     Mr. Ungar failed to initiate an investigation or take any actions whatsoever to remedy the unlawful harassment.

47.     Running out of options, Plaintiff then complained to David Gefsky, co-owner of Defendant, and he too failed to take her complaints seriously and similarly took no action to prevent further discrimination.

48.     Instead, in retaliation for her complaints, Ms. Dong summoned Plaintiff into a meeting later on February 16th, during which Ms. Dong abruptly told Plaintiff to begin looking for a position outside of the Company.

49.     Shocked, Plaintiff reminded Ms. Dong of their initial conversation when Ms. Dong asked when Plaintiff would finally retire, and Plaintiff reiterated that she had no plans to leave Defendant or retire.

50.     Nevertheless, Ms. Dong insisted that Plaintiff look for a job outside the Company.

51.     Plaintiff was stunned, and when she asked whether she was being terminated, Ms. Dong responded that they were could not terminate her because Mr. Patel gave her a high rating on her most recent performance review.

52.     Rather, Ms. Dong told Plaintiff that the Company was purportedly changing strategic processes and Ms. Dong expected that Plaintiff would not be able to adapt to the new process and, accordingly told Plaintiff she had a "feeling" that it would "not work in the long run" for Plaintiff.

53.     As a direct and proximate result of the harassment, discrimination and retaliation Plaintiff has endured at the hands of Defendant and its management, Plaintiff has suffered significant emotional distress, resulting in her medical provider requiring that she take medical leave.

54.     Plaintiff continues to be under the care of her doctor because of the unlawful harassment and discrimination to which the Company continues to subject her.

## FIRST CAUSE OF ACTION
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

55.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56.     At all times relevant to this action, Defendant was engaged in commerce or the production of goods for commerce within the meaning of the FLSA and/or were employed in an

enterprise engaged in commerce for the production of goods for commerce within the meaning of the FLSA.

57.    Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

58.    At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the regular rate at which he was employed for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though Plaintiff was entitled to overtime.

59.    At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff the required overtime rates, one and a half times the regular rate at which he was employed for hours worked in excess of forty (40) hours per workweek.

60.    Defendant's actions were willful within the meaning of the FLSA.

61.    Defendant's failure to comply with the FLSA overtime provisions caused Plaintiff to suffer loss of wages and interest thereon.

62.    Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (NJWHL Overtime Violations, N.J.S.A. § 34:11-56a, *et seq.*)

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    Throughout the statute of limitations period covered by these claims, Plaintiff

regularly worked in excess of forty (40) hours per workweek.

65.     At all relevant times, Defendant operated under common policies, plans and practices of willfully failing and refusing to pay Plaintiff at one-and-one-half times his regular rate for work in excess of forty (40) hours per workweek, even though Plaintiff was entitled to overtime.

66.     At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required state law overtime rate for hours worked in excess of forty (40) hours per workweek.

67.     Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, as well as any and all available statutory and/or punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
## (AGE DISCRIMINATION IN VIOLATION OF THE NJLAD)

68.     Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

69.     At all times relevant to this Complaint Defendant was, and continues to be, an employer within the meaning of the NJLAD, N.J.S.A. § 10:5-5(e) and employed employees, including Plaintiff.

70.     The NJLAD makes it unlawful to discriminate against any individual on the basis of age.

71.     Plaintiff is sixty-six (66) years old.

72.     Plaintiff was subjected to harassment and discrimination based on her age.

73.     The harassment was sufficiently severe or pervasive to materially alter the terms and conditions of Plaintiff's employment and to create a discriminatorily abusive working environment.

74.     At all times relevant to this Complaint, Defendants' discrimination against Plaintiff based on her age substantially and materially altered Plaintiff's conditions of employment in ways that were adverse to Plaintiff.

75.     Defendants discriminated against Plaintiff because of her by subjecting Plaintiff to harassment, humiliating Plaintiff, refusing to provide Plaintiff opportunities at advancement, and, directing Plaintiff to begin looking for a job outside of the company.

76.     Defendant was aware of, or should have been aware of, and is directly and vicariously responsible for, such hostile work environment.

77.     Defendant engaged in unlawful employment practices and unlawful discriminatory as those term are defined by the NJLAD, N.J.S.A. 10:5-12.

78.     These acts violate NJLAD and are illegal.

79.     In taking the above described discriminatory actions, the Defendant acted with malice and reckless indifference to Plaintiff's rights pursuant to NJLAD giving rise to punitive damages.

80.     As a direct and proximate result of Defendant's aforementioned discriminatory conduct, Plaintiff suffered monetary damages, as well as humiliation, emotional distress, mental anguish and suffering, and damage to her professional reputation.

## FOURTH CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF THE NJLAD)

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     At various times during her employment with Defendants, Plaintiff raised complaints that Defendant was unlawfully discriminating against her on the basis of her age.

83. Whenever Plaintiff raised these complaints Defendant failed to meaningfully investigate Plaintiff's complaints or take any action reasonably calculated to remedy the unlawful discrimination Plaintiff complained of.

84. Instead Defendant immediately responded by escalating its harassment Plaintiff, ridiculing Plaintiff and directing Plaintiff to begin seeking employment outside the company.

85. Defendant harassed and discriminated against Plaintiff in retaliation for her complaints of discrimination.

86. Defendant's harassment of Plaintiff, and other retaliatory acts following her complaints of unlawful discrimination are in direct violation of Plaintiff's rights under NJLAD, N.J.S.A. 10:5-12.

87. Plaintiff engaged in the protected activity of complaining to her employer regarding issues of unlawful discrimination on the basis of age.

88. A causal link exists between the protected activity and adverse employment action as Defendant knew of Plaintiff's activities and complaints, and Defendant's retaliatory acts were a direct result of such complaints.

89. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable injuries and damages.

90. Plaintiff seeks relief as provided by the NJLAD, including, without limitation, backpay for lost wages, commissions, or diminishment, loss of other benefits, and any and all such legal or equitable relief as may be appropriate to effectuate for purposes of the NJLAD, including but not limited to compensatory damages for mental anguish and emotional distress and other injuries incurred as a result of the retaliation.

91.     As Defendant's retaliatory actions, including but not limited to the retaliatory discharge of Plaintiff, were willful, malicious, and/or with conscious disregard of Plaintiff's statutorily protected rights, Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered on her behalf in accordance with the above claimed causes of action and requests the following:

A.     All compensatory and economic damages;

B.     All reasonable expenses incurred by Plaintiffs, including court costs and other relief, both in law and equity, to which Plaintiff may show herself justly entitled;

C.     Attorneys' fees, including attorneys' fees as provided by statute;

D.     Punitive and statutory damages as authorized by law;

E.     Pre-judgment and post-judgment interest; and

F.     Such further relief as the Court finds just and proper.

Dated:   Park Ridge, New Jersey          Respectfully submitted,
         April 13, 2018

                                         **KRAKOWER DICHAIRA LLC**

                                         By:

                                          _s/ Todd Krakower_____

                                             Todd J. Krakower

                                         One Depot Square
                                         77 Market Street, Suite 2
                                         Park Ridge, New Jersey 07656
                                         201-746-6333
                                         347-765-1600 (fax)

                                         *Attorneys for Plaintiff*


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.